EMUY v. FARR.

---

(51 South. 1003.)

No. 17,715.

EMUY v. FARR.

(March 14, 1910.)

*(Syllabus by the Court.)*

1. DIVORCE (§ 167*)—ACTION TO SET ASIDE JUDGMENT—PRESCRIPTION.

In order to entitle a person to maintain an action for the nullity of a judgment for divorce, grounded on the charge that the judgment had been obtained by fraud on the part of the plaintiff therein or by false swearing on the part of the witnesses who testified on his behalf, it is not only necessary that she should allege, but that she should clearly establish, that the action in nullity had been brought within the year after the fraud had been discovered. Article 613, Code Prac.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 541; Dec. Dig. § 167.*]

2. DIVORCE (§ 167*)—ACTION TO VACATE FOR FRAUD—SUFFICIENCY OF EVIDENCE.

In the case at bar, the plaintiff failed to make good her charge that the witnesses against her swore falsely. The utmost that could be claimed was that their testimony was insufficient to warrant the judgment of divorce; but "insufficiency of evidence" cannot be urged as a ground for "nullity" of a judgment.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 167.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Inez J. Emuy against Horace E. Farr. Judgment of dismissal, and plaintiff appeals. Affirmed.

L. R. Hoover, E. A. Parsons, and G. B. Smart, for appellant. John Bassich, Jr., for appellee.

### Statement of the Case.

NICHOLLS, J. On the 28th of March, 1907, plaintiff instituted this suit, in which she alleged that she is the defendant in the suit entitled "Horace E. Farr v. His Wife, Inez J. Emuy," No. 75,889 of the docket of the civil district court for the parish of Orleans, division "A"; that on the ——— day of June, in the year 1905, judgment was rendered in said suit in favor of plaintiff, Horace E. Farr, and against your petitioner, and was signed on the 21st day of June, in the year 1905; said judgment decreeing that the law and the evidence being in favor of plaintiff and against the defendant, ordering and adjudging a divorce a vinculo matrimonii, between them, and decreeing to the said plaintiff, Horace E. Farr, the custody of the six minor children, the issue of the said marriage between Horace E. Farr and your petitioner. Petitioner averred that the said judgment should be annulled and set aside for the following reasons, to wit: That the said judgment was obtained through fraud and other ill practices on the part of Horace E. Farr, in whose favor it was rendered. That the said Horace E. Farr alleged in the proceedings No. 75,889 of this honorable

court that your petitioner had been guilty of various acts of infidelity with one Manuel Vasquez, to wit:

On the morning of September 15, 1904, at the residence No. 416 White street, and at the residence No. 614 South Clark street on March 20, 1905, at about 2:30 o'clock in the morning. Your petitioner avers that the said Horace E. Farr did conspire and confederate with the witnesses who testified in the proceedings No. 75,889, namely, Miss Antonio Emuy, Alex Biri, and Edward Farr, to testify falsely against your petitioner and swear away her good name and reputation. Petitioner avers and alleges that the testimony given on the trial of this said cause No. 75,889 by Alex Biri was false and fraudulent, and known to be such by the said Horace E. Farr.

Petitioner alleges and avers that the testimony given in the said cause No. 75,889 of the docket of this honorable court by Antonio Emuy was false, fraudulent, and known to be so by the said Horace E. Farr, and that the said Horace E. Farr and the said Antonio Emuy did conspire and confederate together to the end that, after the said divorce against your petitioner should be procured, they might marry. Your petitioner alleges that, at the time these divorce proceedings were pending against your petitioner, the said Antonio Emuy was plaintiff in a proceeding for divorce against her husband, Joseph William Emuy, No. 75,351 of the docket of this honorable court, division "E"; and that the said Horace E. Farr was the principal witness in proceedings proving adultery of the said Joseph William Emuy; and that the said Farr's evidence in that proceeding enabled Antonio Emuy to secure a judgment in her favor against her said husband, Joseph William Emuy.

Petitioner avers that the said Horace E. Farr, under the mask and disguise of an injured husband seeking relief at the hands of this court, confederated and conspired with the said Antonio Emuy to the end that he might marry the said Antonio Emuy as soon as divorces could be obtained from their respective spouses.

That when the said divorces were obtained between the said Farr and your petitioner and between Antonio Emuy and her husband, the said Horace E. Farr proceeded to marry his guilty partner in fraudulent and false swearing. That Horace E. Farr, her husband, ejected and drove her from the marital domicile, together with her six minor children, and then proceeded to bring against her the suit for divorce No. 75,889 of the docket of this honorable court. Petitioner avers that through her lack of means and money she was unable to secure counsel to defend her in this suit; that she consulted counsel in the matter, but was unable to pay the fee which was required by the attorney; that through her ignorance, inexperience, and lack of knowledge in such matters, she permitted judgment to be rendered against her by default, having no knowledge or information whatever as to the character of the testimony which was sworn to when said default was confirmed; and that she has only in January, 1907, been made aware and had knowledge of the nature of the testimony so adduced. Petitioner avers that by the reason of the fraud and deceit practiced on this honorable court by the said Horace E. Farr, in suborning the witnesses, Alex Biri, Antonio Emuy, and Edward Farr, the said judgment should be annulled and set aside.

In view of the premises, petitioner prays that Horace E. Farr be cited to appear and answer this petition, and that in due course there be judgment in favor of your petitioner and against the said Horace E. Farr, annulling the judgment rendered on the ——— day of June, 1905, in favor of Horace E. Farr and against Inez J. Emuy, his wife, and sign-

ed on the 21st day of June, in the year 1905, in the suit entitled "Horace E. Farr v. Inez J. Emuy, His Wife," No. 75,889 of the docket of the civil district court for the parish of Orleans, division "A," and for costs and general and equitable relief.

The defendant excepted that:

(1) The plaintiff's petition disclosed no cause of action against the defendant; that it also failed to set forth the facts sworn to or evidence given by the witnesses named in the plaintiff's petition and adduced by the defendant, the plaintiff in the suit, to obtain the judgment attacked by plaintiff in the suit for pretended fraud and pretended conspiracy. (2) Plaintiff's petition is too vague, general, and indefinite to enable the defendant safely to plead or to answer to same; the judgment sought to be annulled in this suit, never appealed from by plaintiff, having become final as against her more than a year ago. The allegations on page 3 of her said petition "that she (plaintiff) has only recently been made aware and had knowledge of the nature of the testimony so adduced" are legally insufficient.

That said allegations are too vague and legally insufficient in the absence of the date or dates when she (plaintiff) made her said pretended discovery, and exceptor is entitled to be informed of the date of said pretended discovery so as to enable him to prove the falsity of said allegations on the trial.

In view of the premises, exceptor prayed that this, his exceptions, be maintained, and that the said plaintiff's demand be dismissed and for general and equitable relief.

Before the exceptions were disposed of, plaintiff amended her petition, alleging that she had only in January, 1907, discovered the nature of the testimony so adduced, and thereupon the exceptions were overruled and the defendant given 10 days to answer.

Defendant answered. After pleading a general denial, he admitted that he brought suit for divorce against the said Inez J. Emuy, on the ground of adultery with one Manuel Vasquez, under the above number allotted to this division of the civil district court for the parish of Orleans. That on June 15, 1905, judgment was rendered therein in favor of respondent, plaintiff in the said suit, and against the said Inez J. Emuy, defendant in the said suit. Said judgment was signed on June 21, 1905; said judgment decreeing that the law and the evidence being in his favor as plaintiff and against the defendant, plaintiff in this case, said judgment granted him a divorce a vinculo matrimonii, and further granting to him, Horace E. Farr, the custody and control of the six children, the issue of the marriage between him and said Inez J. Emuy.

That the said judgment was legally valid, rendered on the testimony of three truthful and competent witnesses, who testified in favor of plaintiff in said suit; their evidence establishing the various acts of adultery committed by the said Inez J. Emuy, the defendant in the said suit, with one Manuel Vasquez, on September 15, 1904, at respondent's then residence, No. 416 White street, and at No. 614 North Clark street in this city, on March 20, 1905, about 2:30 a. m.

Horace E. Farr denied that he did conspire and confederate with the witnesses who testified in the proceedings, namely, Miss Antonio Emuy, Alex Biri, and Edward Farr, or any of them. Defendant averred that the said witnesses testified in good faith to the truth within their own knowledge or without any inducement held out to them by respondent, the plaintiff in said suit, or were induced by any one else, with his (respondent's) consent, to testify as they did, and defendant emphatically denied that the testimony of the said witnesses, or any of them, was false and fraudulent, and known to be such by the said Horace E. Farr, but that the said witnesses were truthful witnesses, tes-

tifying with no other motive than to tell the truth and the whole nature of matters within their knowledge.

Defendant denied that under the mask and disguise of an injured husband, seeking relief at the hands of the court, he (respondent) confederated and conspired with the said Antonio Emuy to the end that he might marry the said Antonio Emuy as soon as the divorce was obtained from their respective spouses and defendant called for strict proof of the said allegations. Defendant, further answering, denied that he was the principal witness in the suit of Antonio Emuy v. Joseph W. Emuy, for divorce, on the ground of adultery, being No. 76,531 of the docket of the civil district court, division "E." Defendant denied that he had any other motive in testifying in the said suit except to tell the truth and to testify as to the facts within his knowledge, which he did; denied that in giving their testimony he confederated and conspired with the said Antonio Emuy, or she with him, in giving their said testimony, for the purpose stated.

Defendant averred that he only married the said Antonio Emuy some time after the judgment against the said Inez Emuy, his divorced wife, became final and absolute, and he denied that he violated any law or committed any wrong by so doing.

Defendant denied that he drove the said Inez J. Emuy from the marital domicile with her six children. Defendant averred that she fully knew and was informed of the charge of adultery against her in the said suit, as she was cited and she was represented in said suit by Joseph Lautenschlager, her attorney, who filed an exception of vagueness on her behalf to the petition alleging adultery, and on the amendment of same by the counsel for respondent, plaintiff in said suit, her said attorney accepted service of the supplemental petition, and she was fully advised and informed by her said attorney of the charge of adultery against her; that, being fully informed and advised, she permitted judgment by default to be entered up against her.

He further denied as untrue the allegation in plaintiff's petition "that she has only recently, in January, 1907, been made aware and had knowledge of the nature of the testimony so adduced," for the reason that she (Inez J. Emuy) retained possession under a document purporting to be a written agreement between her and respondent, Horace E. Farr, of the six children, issue of the marriage, in which agreement, entered into on August 4, 1905, acknowledged by her on August 7, 1905, before George W. Dearing, a notary public of this city, she (Inez J. Emuy) acknowledges and admits the judgment of divorce against her by defendant was a legal divorce.

Plaintiff has further set up said agreement recognizing the validity of the said judgment in the suit No. 80,366, civil district court, parish of Orleans, division "E," a suit brought by Horace E. Farr, the defendant herein, to have the care and custody of his six minor children, Henry D. Farr, Albert W. Farr, Herman Farr, Walter Farr, Horace Farr, and Lillian Farr, returned to him on the grounds, among other grounds, and for the reason, that she (Inez J. Farr), their mother, was a vicious person, living in concubinage with her said paramour, an unfit person to have their custody and control, because she, the said Inez J. Emuy, flagrantly violated the said agreement. That judgment in said suit was rendered in favor of your respondent, decreeing him to be entitled to the care, custody, and control of the said minor children; that Inez J. Emuy, plaintiff in this suit, defendant in said suit, appealed from the judgment against her condemning her to surrender and deliver to respondent the said children, still relying on said agreement, in which she (plaintiff) acknowledged

the validity and legality of the said judgment of divorce rendered by this honorable court.

That the plaintiff, the defendant in the said suit, so far from attacking the said judgment of divorce, recognized the validity of the same in said suit decided in respondent's favor, on the ground that the said agreement was against law and public order, for him, as father, to grant to Inez J. Emuy, his divorced wife, the care, custody, and control of his said minor children. That this suit is brought for the sole purpose of harassing and delaying respondent in obtaining possession of said children in the event that the Supreme Court of the state affirms the said judgment rendered by division "E," and this suit is an unwarranted attack and defamation of the characters of the defendant ·and of the said three witnesses who testified to the truth in good faith in the said divorce proceedings. That the judgment attacked in this suit and sought to be annulled is valid in all respects, as the legal delays had expired when this suit to annul the same was brought, as the plaintiff in this suit, the defendant in said divorce suit, never appealed from the said judgment against her, and 22 months had already elapsed when this suit to annul same was brought and which was, and is, prescribed in one year.

And the plaintiff, Inez J. Emuy, has renounced all means of annulling same and defenses in her favor to same, if any ever existed, which is denied, as she has by her said acts forever estopped herself from attacking its validity.

In view of the premises, defendant prayed that, after due proceedings had, plaintiff's action ·be dismissed, as barred by the prescription of one year; that the plaintiff be declared estopped by her conduct and her acknowledgment of the validity of the said judgment, sought to be annulled by her, in the said agreement and suit by defendant

125 La.—27

for the possession of his said children, from attacking or setting up the nullity of the said judgment for divorce (if any, which is denied). And the respondent prayed, in the alternative, that, in the event that this honorable court should find the said pleas to be not well founded in law, then that the said judgment of divorce rendered by this honorable court on June 5, 1905, in favor of Horace E. Farr, the plaintiff in the said suit, and against the said Inez J. Emuy, the defendant in the said suit, and plaintiff in this, be declared legal and valid, and that the plaintiff's suit be dismissed, and that she be condemned to pay all costs and for general and equitable relief.

On June 10, 1908, the trial court sustained the plea of prescription, filed by defendant, and dismissed the suit. On application for the same, a new trial was ordered, and, after reargument, the plea of prescription was again sustained, and the suit dismissed. Plaintiff has appealed.

## Opinion.

In the original suit of Horace E. Farr v. His Wife, for a divorce, defendant, through Joseph Lautenschlager, her attorney, filed an exception to plaintiff's petition on the ground that it was too vague and indefinite for defendant to safely answer, in that it charged her with committing adultery at various times and places, during the last year, with M. Vasquez, and did not give the specific time or place; also, that on March 9, 1905, at 614 South White street, defendant is charged with having committed adultery, and petitioner does not state whether the act was committed during the day or night; that she was entitled to know the time and place referred to in plaintiff's petition, and whether it was at night or day. She prayed that the exception be sustained and plaintiff's suit dismissed.

The plaintiff amended his petition in open court, averring that nearly every morning, during the months of September and October, 1904, in the daytime, and particularly on or about the 15th of September, 1904, his wife committed adultery with Manuel Vasquez, while petitioner was at work, away from his home, on White street.

The court thereupon overruled the exception, and defendant was given five days to answer.

The same attorney who had filed the exceptions accepted service of this petition on May 24, 1904, and waived citation. On June 6, 1908, judgment by default was entered against defendant. On June 15, 1908, judgment was rendered confirming said judgment by default, and said judgment was signed.

The present case is not on appeal from the judgment of the court in the matter of "Horace E. Farr against his wife, Inez J. Emuy," in which the former obtained an absolute divorce from his wife. The rules governing appeals have no application in this cause. The wife is seeking, through an action of nullity, to set aside the judgment rendered against her on the specific ground that said judgment was "obtained through fraud and other ill practices," on the part of the plaintiff in that suit. That he conspired and confederated with Miss Antonio Emuy, Alex Biri, and Edward Farr to falsely testify against her and swear away her good name and reputation. That the testimony given in that suit by Alex Biri was false and fraudulent, and known to be such by Horace E. Farr. That the testimony given in that case by Antonio Emuy was false, and known to be such by Horace E. Farr. That Horace E. Farr and Antonio Emuy conspired and confederated together to the end that, after the divorce against her, they should marry. That she was unable to procure counsel to defend her in that suit. That she consulted counsel in the matter, but, through lack of means

and money, was unable to pay the fee, which was required by her attorney, and, through her lack of knowledge in such matters, she permitted judgment to be rendered against her by default, having no knowledge or information whatever as to the character of the evidence which was sworn to when said default was confirmed, and that she was only in January, 1907, made aware and had knowledge of the nature of the testimony so adduced. That by reason of the fraud and deceit practiced on the court by Horace E. Farr in suborning the witnesses, Alex Biri, Antonio Emuy, and Edward Farr, the said judgment should be annulled and set aside.

There is no attack made by the plaintiff upon the judgment by reason of any defects in the legal proceedings, which terminated in the judgment. The attack is made purely for reasons which appertained to the merits of the question tried under article 607 of the Code of Practice. The plaintiff was unquestionably cited in the case, for an attorney at law, employed by her, made an appearance in her behalf and filed an exception of want of certainty in the petition.

That complaint was cured by plaintiff's counsel amending his petition and giving additional details, whereupon the exception was overruled, and the defendant was given five days thereafter to answer.

The case, at the expiration of the five days, if no answer was filed within the delay fixed, stood legally ready and ripe for default. No answer having been, in fact, filed, judgment by default was regularly and legally taken against defendant and regularly and legally confirmed.

The present action on nullity was instituted more than one year after its rendition, and, being brought at that late date, it was presumptively barred by the prescription of one year. Article 613 of the Code of Practice.

To escape from the prescription, resulting

from that article of the Code, plaintiff amended her petition and alleged that it was only in January, 1909, that she was made aware and had knowledge of the nature of the testimony which was adduced on the trial.

It was necessary for a successful attack upon that judgment, not only that plaintiff should have made an allegation as to the precise time when she had discovered the fraud on which she relies for a reversal of the judgment, but that she should prove the precise time of the discovery of the fraud. This the plaintiff has not done. The only testimony on that point which we have found in the record is that of Mr. Hoover, the present attorney of the plaintiff, who had no connection with the parties until after the judgment of divorce had been obtained, who was employed to resist an application which had been made by the husband, through habeas corpus proceedings, to obtain possession and custody and control of the children of the marriage. Farr v. Emuy, 121 La. 91, 46 South. 112, 15 L. R. A. (N. S.) 744.

Referring to the information he himself had in regard to the testimony in the divorce suit, he said that he had no knowledge of it until he was employed for the purpose of resisting the habeas corpus proceedings; that he then sent for the record and read the testimony to Mrs. Farr. He testified that she was certainly greatly surprised. She was perfectly aware that her husband had obtained the decree, but the evidence on which he had obtained it she did not know until he read it to her in his office. She denied bitterly the truth of that evidence, and he (witness) brought suit for the nullity of the judgment. Witness had not discussed the testimony with her prior to reading it to her. Witness said that, of course, it was possible that Mrs. Farr might have had a knowledge of the testimony before he read it to her, but he thought it to be extremely improbable. He said that at the time he was consulted she (Mrs. Farr) intended to have been married. She knew that Manuel Vasquez had been charged with having committed adultery with her, but actual knowledge of the testimony she did not have, and, when he (witness) heard that they were to be married, he said it was simply out of the question for them to marry, as he had been named as a co-respondent. That witness then took up and sued for the nullity of the judgment. Mrs. Farr, he said, knew that she had been charged with adultery, but she did not know of the dates or of the places or of the parties who were witnesses against her; that was where her ignorance lay in a general way. She did not know that Alexis Biri and Edward Farr had been witnesses against her.

This witness was, of course, sincere in the belief that Mrs. Farr, up to the time of his reading to her what had been the testimony in the case, was unaware of certain details of same; but his testimony falls far short of what was necessary to prove, to take the case out of prescription. We think the plea of prescription was properly sustained. We have examined the testimony taken in the case brought for nullity of the judgment of divorce, independently of that plea. The evidence in the case has failed to establish that the testimony of Antonio Emuy and Alexis Biri and the brother of Farr, or any one of them, was false. The utmost that could be claimed was that it was insufficient to have warranted the judgment of divorce, and "insufficiency of evidence" cannot be urged as a ground for annulling a judgment.

We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed.