70 So.2d 752 (1954)
CRYER et al.
v.
CRYER.
No. 3780.
Court of Appeal of Louisiana, First Circuit.
January 29, 1954.
Rehearing Denied March 22, 1954.
*753 Pickett & Pickett, Many, for appellant.
Kay & Kay, DeRidder, for appellee.
ELLIS, Judge.
This is a suit brought by John P. Cryer and J. S. Pickett to have the judgment rendered in the suit entitled "James W. Cryer v. John P. Cryer et al.", presently on appeal in this Court, declared null and void. John P. Cryer and J. S. Pickett were defendants in a suit brought by J. W. Cryer for damages for the wrongful issuance of a temporary restraining order. On the bond posted for this order John P. Cryer was the principal and Pickett the surety. The trial court rendered judgment in favor of James Cryer and the present suit of nullity is based upon Article 607 of the Code of Practice. It is alleged that the judgment was obtained through fraud in that J. W. Cryer and his son testified falsely when they stated in the damage suit that a survey, part of the cost of which was a part of the damages awarded James Cryer, was made prior to the issuance of the temporary restraining order and that James W. Cryer and his son knew that this survey was made prior to the restraining order and was not occasioned by said order.
An exception of no cause of action was filed upon behalf of James W. Cryer and sustained by the District Court, when the plaintiffs herein appealed.
Article 607 of the Code of Practice reads as follows:
"Fraud or improper practices resorted to in obtaining judgment.A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."
In Vinson v. Picolo, La.App., 15 So.2d 778, 780, is found:
"In Miller v. Miller, 156 La. 46, 100 So. 45, 46, we find the following: `The action of nullity "as provided by Code Prac. art. 607 is independent of the remedy by appeal," and while it is not a substitute for an appeal, "its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy." State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864.'"
In Walsh v. Walsh, 215 La. 1099, 42 So. 2d 860, 864, our Supreme Court said:
"In this postulate, counsel failed to take into account the difference between a judgment which may be erroneous as a matter of law, because of an insufficiency of evidence or otherwise, and one procured by fraud, ill-practice or misrepresentation. It *754 is only in the latter case that the action of nullity is permissible under Article 607 of the Code of Practicefor it is firmly established that the remedy cannot be employed as a substitute for an appeal. State [ex rel. Pelletier] v. Sommerville, 112 La. 1091, 36 So. 864; Emuy v. Farr, 125 La. 825, 51 So. 1003; Miller v. Miller, 156 La. 46, 100 So. 45, and Vinson v. Picolo, La. App., 15 So.2d 778."
The Supreme Court, in Adams v. Perilloux, 216 La. 566, 44 So.2d 117, at page 120 said:
"Article 607 of the Code of Practice provides that a definitive judgment may be annulled where it appears that it was obtained through fraud or ill practices on the part of the party in whose favor it was rendered. While it has been held that the causes enumerated in this article are merely illustrative and not restrictive yet there must be some artifice or deception used to prevent an adversary from fully exhibiting his case. There were no artifice or deception used to prevent any answer being filed in the case or to prevent the opposing party from fully exhibiting his case. The two cases cited by the plaintiff, Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253 and Engeran v. Consolidated Companies, Inc., La. App., 147 So. 743 are not in point because in those cases the opposing parties were led into a false security because of statements and promises made by their adversaries."
From the decisions cited it is apparent that where a judgment is sought to be annulled upon the basis that the evidence upon which it was secured was perjured, and this testimony was produced by the party in whose favor the judgment was rendered, there has to be some allegation that the one seeking the annullment did not know at the time the evidence was taken that the testimony was false, or else that if he knew it was false, he did not have the means at that time or the opportunity of contradicting this evidence. The converse of this is true in that if one seeking an annullment knew at the time the evidence was taken that it was perjured, or that some deception was being made and he had at that time the opportunity of disclosing the facts or could, with reasonable diligence, have brought to the attention of the Court the deception but failed to do so, he could not at some later date claim the judgment rendered was null upon that basis.
If it was true in the damage suit, the judgment of which is sought to be annulled herein, that the plaintiff and his son testified falsely, there is nothing in the present record to show that the plaintiffs herein did not know at the time of the trial that the testimony was false and nothing to show that any artifice or deception was used to prevent plaintiff herein from fully exhibiting his case in the other suit.
It is equally true that plaintiff could and should have brought to the attention of the Court by introducing it the entire record in the suit of Cryer v. Cryer, La.App., 70 So.2d 747 for the testimony of E. H. Barrantine, the surveyor, and James W. Cryer is definite and positive when taken in connection with the date of the issuance of the temporary restraining order that Barrantine was employed to make the survey on behalf of James W. Cryer prior to the issuance of the restraining order.
Plaintiff is attempting to annul an entire judgment when he only complains of proof offered to sustain one of the items of damages claimed and allowed. In fact, this item has been disallowed on appeal in the suit of Cryer v. Cryer this day rendered.
It is therefore ordered that the judgment of the District Court be affirmed at the cost of appellant.