277 So.2d 747 (1973)
J. Foise ROY
v.
Warren GRIFFITH.
No. 5433.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1973.
Rehearing Denied June 5, 1973.
Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for plaintiff-appellee.
Reed, Reed & Reed, Bruce G. Reed, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and BAILES, JJ.
BAILES, Judge.
This is a suit on a promissory note made by defendant, dated March 31, 1969, in the amount of $3,000.00, payable to plaintiff, due on demand, bearing eight (8%) per cent per annum interest and providing for twenty-five (25%) per cent attorney fees in event of suit. Defendant, in his answer, admitted execution of the note, however, he pleaded payment.
The trial court awarded plaintiff judgment against defendant as prayed for in the amount of $3,000.00, with interest and attorney fees. Defendant appealed. We affirm.
Plaintiff testified he was the holder and owner of the note and that it was past due and unpaid. The note was introduced in evidence.
Defendant, having pleaded payment of the note, has the burden of proving the fact of payment. It is his position as shown *748 by his testimony that the note was repaid in full through cash payment. No notations of payment are contained on the note and defendant admitted he has no receipts evidencing the cash payments he contends he made.
The defendant's only complaint of error is that the trial court curtailed any attempt he made to cross-examine the plaintiff about checks he says he received from A. K. Roy, Inc. which the plaintiff cashed for defendant and from which defendant made payments to plaintiff.
Although defendant has pleaded the affirmative defense of payment, his answer does not set forth facts of how the payment was made.
On cross-examination by plaintiff's counsel, defendant testified that all payments made on the $3,000.00 note were cash payments for which no receipts were obtained, and defendant denied that he kept any books or records of the payments.
The following testimony is in point:
"Q And you had testified that you paid the note down to $250.
How did you pay the $2750?
"A By cash, which was done in all situations with Mr. Roy over many, many transactions, over a long period of time. This was a year and a half, from the time this note was March of '69 until September of '70, I think is the date, approximately a year and a half.
"Q You are a real estate agent, broker and/or or factorI don't mean factor; entrepreneur, developer, are you not? Is that your general occupation?
"A Yes.
"Q You keep books, do you not?
"A Not necessarily in this transaction, no, sir.
"Q You don't have a checking account?
"A No, sir, I do not.
"Q How many payments did you make to make up this $2750?
"A Well, I would have to look at Mr. Roy's records, the checks given to me, to be able to tell you that. It was deducted from the many, many checks cashed. Checks were cashed and the money given to Mr. Roy many, many times, and I don't know, don't have the record. Mr. Roy has the records; that's why we subpoenaed them.
"Q In other words, you have no records at all of this $2750 payment?
"A No, sir. I paid it all, and he released the mortgage on the car.
"Q Then, you have no evidence or receipts for the $250 that you paid, have you?
"A. No. sir.
"Q You have no witnesses that saw you pay this money, have you?
"A Only the witnesses in his office, which would be his secretaries.
"Q They are not here today?
"A I did many transactions amounting to tens of thousands of dollars with Mr. Roy over this period of time, and it was paid during this period of time. And the man has given me service since this thing, over this period, paid me for services rendered. Surely, the man wouldn't have paid me for services rendered. He would have deducted, or did something, which wasn't the case.
"Q Now, Mr. Griffith, if you paid this note as you state you paid the note, and you have dealt with notes before, *749 are familiar with note transactions; why didn't you get the note back?
"A Because Mr. Roy had it still pledged at a loan company. He asked me to wait.
"Q Why didn't you make demand?
"A Because I was very friendly with the man at the time; no point in asking for it."
In rebuttal of this testimony plaintiff specifically denied that defendant made any payments on account of this note.
Defendant urges us to remand the case to the district court for the introduction of checks which he had in court under a subpoena duces tecum issued to A. K. Roy, Inc. which he contends were issued to him and cashed by plaintiff. Defendant did not attempt to place the checks in evidence during the trial. In view of the full uninhibited cross-examination permitted by the trial court of Mr. Roy, the plaintiff, regarding these checks and any payment therefrom on this note, we find no need to remand this case for the purpose of taking additional evidence.
As the defendant has testified that the payments he made on the note were cash payments and has not shown how these checks may prove cash payments to have been made on the note, we see no connexity between the checks and proof of payment of the note.
The plaintiff has established by a preponderance of the evidence that he is the holder and owner of the note sued on and that it is due and unpaid. Further, we find defendant has not sustained his burden of proving payment.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
Affirmed.