SCHOTT, Judge.
Warren Griffith has appealed from a judgment dismissing his suit to annul a previous judgment taken against him by Joseph Folse Roy, Sr. The judgment appealed from maintained an exception of no cause of action filed by Roy.
The petition for nullity contains the following allegations:
“I.
That on August 25, 1971, the defendant, Joseph Folse Roy, Sr., hereinafter called Roy, also of lawful age and a resident of the Parish of Jefferson, filed suit against Griffith in the Matter Number 137-195 of the Docket of this Court, alleging Griffith to owe Roy $3,000.00 due on a promissory note dated March 31, 1969.
“II.
The case was tried on April 11, 1972, and on that day, Roy testified on oath, in trial on the merits, unequivocally, that Griffith had made no money payments on the note to Roy and had in fact made no money payments of any kind whatsoever to Roy or to his agents.
“III.
That on the basis of this testimony of Roy, the trial court rejected Griffith’s plea of payment and gave judgment in favor of Roy for $3,000.00.
“IV.
On March 16, 1971, Roy, through his alter ego, A. IC. Roy, Inc., filed suit Number 141-750 of the Docket of this Court against Griffith alleging an indebtedness of $13,810.00 for numerous advances of cash allegedly made to Griffith by Roy’s alter ego and for which no credit was due.
“V.
The case was tried on the merits on June 21, 1972 and in response to subpoenas issued by Griffith, records of A. K. Roy, Inc., were produced which showed that Roy had in fact been paid money by Griffith by check and by cash and that the testimony which formed the basis of the judgment of April 20, 1972 in the Matter Number 137-195 was perjury and fraud; that the records subpoenaed and *87 admitted into evidence in Suit Number 141 — 750 show conclusively that Roy perjured himself in Matter Number 137-195.
“VI.
That Griffith is therefore entitled to have the judgment of April 20, 1972, in the Matter Number 137-195, obtained by Roy through perjury and fraud, annulled and vacated as having been obtained through fraud and illpractice.”
The trial judge gave the following reasons for his judgment:
“All right, in connection with the action of nullity the Court is of the opinion that the exception of no cause of action is well founded and the reason that the allegations in the petition for nullity are the same allegations which were set forth in the trial of the Court which were reviewed by the Court of Appeals and which were reviewed by the Supreme Court. To wit the allegations that certain checks constituted payment of this debt. Judge Bales in the Court of Appeals reviewed this and the Plaintiff’s testimony of the party as to the effect that any attempt to say that any payments he made were cash payments. The question of the checks were — attempt to offer the checks into the trial in the trial Court ruled on a proper objection as to the offering of those checks. Those checks were alleged as a reason and a cause in the argument before the Court of Appeals. The Court of Appeals considered the questions of the checks and so did the Supreme Court. Accordingly, the exception of no cause of action is hereby maintained.”
Reference should here be made to Roy v. Griffith, 277 So.2d 747 (La.App. 4th Cir. 1973), to which the trial judge was referring in his Reasons for Judgment and to LSA-C.C.P. Art. 2005 which provides:
“A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
“A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.”
In connection with his attempt to show that Art. 2005 was not applicable, Griffith made a proffer pursuant to LSA-C.C.P. Art. 1636. The evidence proffered included 27 checks drawn between December 17, 1970, and March 17, 1971, by A. K. Roy, Inc. to the order of Warren A. Griffith in varying amounts totaling $13,810.00; check book stubs corresponding to these checks, an excerpt from testimony taken on April 11, 1972, in proceedings entitled J. Folse Roy v. Warren Griffith in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, and an excerpt from testimony taken on June 21, 1972, in proceedings entitled A. K. Roy, Inc. v. Warren A. Griffith, Jr., in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
Because this matter is before us on an Exception of no Cause of Action, we should concern ourselves only with the sufficiency of the petition, and it would appear that the items proffered by plaintiff at the argument on the exceptions should not be considered in disposing of this case. While the proffered items are not evidence and are not considered as such in the disposition of this appeal from a judgment which maintained an Exception of no Cause of Action, they do serve to demonstrate and explain the error into which the trial judge fell when he decided this case on the basis of LSA-C.C.P. Art. 2005.
The Petition which initiated these proceedings to annul the judgment taken by Roy against Griffith on April 20, 1972, was filed in the trial court on December 5, 1972. At that time the judgment under attack was on appeal to this Court and was not decided here until April 17, 1973. Rehearing was denied by this Court on June 5, 1973, so that the second paragraph of Art. 2005 did not become applicable until long after the original petition to annul the *88 judgment was filed. Thus, the petition stated a cause of action although it made no reference to the fact that the case was pending on appeal. When the judgment was affirmed by this Court plaintiff could have amended his petition to allege that “the ground for nullity did not appear in the record of appeal or was not considered by the appellate court,” so as to bring the action within the purview of Art. 2005.
LSA-C.C.P. Art. 934 provides :
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
The import of the evidence proffered by plaintiff at the argument on Exception of no Cause of Action was to show that the grounds of the objection pleaded by the exception might be removed by amendment to the petition so that the trial judge should have ordered the amendment of the petition rather than its dismissal.
The opinion of this Court in Roy v. Griffith, supra, shows that Roy sued Griffith on a note and was met with an affirmative defense of payment. Griffith testified that payments had been made to Roy out of checks payable to Griffith By A. K. Roy, Inc. and cashed by Roy personally. It was noted that Griffith did not attempt to place the checks in evidence during the trial but that nothing would be added to Griffith’s testimony by the introduction of checks payable to him and presumably endorsed by him in blank.
In the meantime, there had been pending against Griffith a suit by A. K. Roy, Inc. for $13,810.00 since March, 1971, and this case was not tried until June 21, 1972, after the suit by Roy against Griffith on the note and resulting in the judgment now under attack. In this suit by A. K. Roy, Inc. against Griffith the same 27 checks included in the proffer were offered in evidence. While most of these checks are payable to Warren A. Griffith and were either endorsed by him alone or together with some third party. Three of the checks drawn by A. K. Roy, Inc. to the order of Warren A. Griffith and dated January 11, 1971, for $550.00, $1125.00 and $625.00, contained the following endorsement in the apparent handwriting of Warren A. Griffith, Jr. “Pay to the order of J. F. ROY for repayment of loans Warren A. Griffith, Jr.” Two of the checks then contained the stamped disposition “For deposit J. F. ROY,” while the third contains the signature in blank of J. F. Roy. It is significant that these checks were introduced by A. K. Roy, Inc. in a suit based on allegations that the checks constituted loans or cash advances to Griffith for which repayment was being sought in the suit. These checks were received back by J. F. Roy, alleged to be the virtual owner of A. K. Roy, Inc., for repayment of loans made by Roy personally to the same Griffith. The proffered testimony of Roy is to the effect that he made these advances to Griffith because of the latter’s serious financial difficulties, and yet the checks show that these advances were being repaid to Roy on account of the loans. The trial judge dismissed that suit of A. K. Roy, Inc., holding that the checks were not advances or loans but rather were earned commission.
What is significant about the foregoing is the clear showing that these checks of January 11, 1971, containing the specifications that they were given to Roy in repayment of loans was not considered by this Court in Roy v. Griffith, supra, so that the matter may be within the limits of Art. 2005. The trial judge having been shown these items in Griffith’s proffer was mandated by Art. 934 to order an amendment of the petition so that the grounds of Roy’s objection might be removed by amendment of the petition, and the trial judge’s dismis *89 sal of plaintiff’s suit rather than an order for the petition’s amendment constituted reversible error.
In this Court Roy has relied on Cryer v. Cryer, 70 So.2d 752 (La.App. 1st Cir. 1954), in which an Exception of no Cause of Action to an action of nullity was maintained by the trial court and affirmed based on the following:
“From the decisions cited it is apparent that where a judgment is sought to he annulled upon the basis that the evidence upon which it was secured was perjured, and this testimony was produced by the party in whose favor the judgment was rendered, there has to be some allegation that the one seeking the annullment did not know at the time the evidence was taken that the testimony was false, or else that if he knew it was false, he did not have the means at that time or the opportunity of contradicting this evidence. The converse of this is true in that if one seeking an annullment knew at the time the evidence was taken that it was perjured, or that some deception was being made and he had at that time the opportunity of disclosing the facts or could, with reasonable diligence, have brought to the attention of the Court the deception but failed to do so, he could not at some later date claim the judgment rendered was null upon that basis.”
LSA-C.C.P. Art. 2004 provides a party against whom a judgment has been taken by fraud with an absolute right to bring an action to annul that judgment within one year of the discovery of the fraud.
The answer to Roy’s reliance on the Cryer case is the following extract from the comments to the Code of Civil Procedure following Art. 2004:
“Although the courts do not sanction negligence or laches, they have not hesitated ‘to afford relief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be un-conscientious and inequitable.’ City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542 (1898); cf. Bell v. Holdcraft, 196 So. 379 (La.App.1940); Sandfield Oil and Gas Co. v. Paul, 7 So.2d 725 (La.App.1942); Vinson v. Picolo, 15 So.2d 778 (La.App.1943).”
From our review of Roy v. Griffith, supra, we are satisfied that the Court of Appeal did not consider the implication of the endorsements on the checks of January 11, 1971, and there is nothing in that opinion to explain the circumstances under which the checks were produced so as to conclude that Griffith did not act with reasonable diligence in the utilization of those checks as he defended against Roy’s suit. The opinion shows that the checks were in court under a subpoena duces tecum to A. K. Roy, Inc., an entity which most certainly must be under the strong influence of Roy himself. The omission of a reference to these most significant endorsements on the reverse side of these particular checks and the clear implication that this Court was under the impression that all of these checks were simply cashed by Griffith with no such significant endorsements, all militate in favor of the remand to the trial court so as to permit plaintiff to amend his petition to include the necessary allegations to state a cause of action in view of the developments which occurred subsequent to the filing of his original petition.
Accordingly, the judgment appealed from is affirmed insofar as it maintained the exception filed by Joseph Folse Roy, but is reversed insofar as the petition of Warren A. Griffith, Sr., was dismissed. The case is remanded to the District Court which shall order an amendment to the petition within the delay allowed by the District Court and for further proceedings consistent with the views expressed herein. Assessment of costs is to await the final outcome of this litigation.
Affirmed in part, reversed in part and remanded.