GULOTTA, Judge
(dissenting).
Warren Griffith appeals from a judgment maintaining an exception of no cause of action to his petition for nullity based upon fraud or ill practices. The judgment, in the sum of $3,000 together with interest and attorney fees, sought to be annulled, was based upon Griffith’s default on a promissory note. Significant with regard to this appeal is the fact that the judgment on the note was affirmed by this court, and writs were denied by the Supreme Court.
Griffith claims that certain checks introduced in evidence by J. Folse Roy in a subsequent lawsuit between the parties made payable to Griffith and bearing an endorsement by Griffith as follows: “Pay to the order of J. F. Roy for repayment of loans” and a further endorsement “For deposit, J. F. Roy” prove that Roy perjured himself in the first suit when he claimed no payment had been made on the note.
The rationale of the trial judge in maintaining the exception was that the allegations in the petition for nullity were the same as those which were litigated in the matter sought to be annulled which was reviewed and passed on by this Court and the Supreme Court.
I agree with the rationale of the trial judge. The very complaint which is made in the petition for nullity was reviewed and passed on by the appellate court when the judgment sought to be annulled was on appeal previously in this court.
When Griffith appealed from the judgment on the note, he asked for a remand in order that the same checks, which he now intends to use to annul the judgment, could be introduced in the record to prove payment.
See Roy v. Griffith, 277 So.2d 747 (La. App. 4th Cir. 1973), where we stated:
“The defendant’s only complaint of error is that the trial court curtailed any attempt he made to cross-examine the plaintiff about checks he says he received from A. K. Roy, Inc. which the plaintiff cashed for defendant and from which defendant made payments to plaintiff.
******
“Defendant did not attempt to place the checks in evidence during the trial. In view of the full uninhibited cross-examination permitted by the trial court of Mr. Roy, the plaintiff, regarding these checks and any payment therefrom on this note, we find no need to remand this case for the purpose of taking additional evidence.
“As the defendant has testified that the payments he made on the note were cash payments and has not shown how these checks may prove cash payments to have been made on the note, we see no con-nexity between the checks and proof of payment of the note.
While there may not be agreement by the majority with the result reached by or rationale employed by the prior panel in Roy v. Griffith, supra, nevertheless, I am of the opinion that the Court of Appeal (rightfully or wrongfully) considered the same matter in that appeal that is before us in the instant matter.
In such instances, under the clear provisions of LSA-C.C.P. art. 2005, a petition for nullity does not lie. LSA-C.C.P. art. 2005 reads as follows:
“A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
“A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
“An action of nullity does not affect the right to appeal.”
I am of the opinion that the exception was properly maintained.
Accordingly, I respectfully dissent.