No. 12,734.

CITY OF NEW ORLEANS VS. JOSEPH L. LE BOURGEOIS ET ALS.

The only judgment that can be rendered against the plaintiff absent when the case is called for trial, unless there is a reconventional demand, is one of nonsuit. C. P., Arts. 536, 491; 3 An. 660; 4 An. 165; 36 An. 288.

If the reconventional demand is filed after the term begins, and on the day fixed for trial the plaintiff being absent, he should be notified, especially as under the rules of the court when issue is joined after the term begins the adverse party is entitled to notice; the spirit of the rule, at least, and obvious justice requires notice to an absent plaintiff of the issue made on the very day of trial in plaintiff's absence changing the character of the action.

No such notice being given, and the cause tried and judgment given against the absent plaintiff on such changed issue, there is the basis to annul the judgment and reinstate the case for trial. C. P. 607; 5 R. 123; 3 An. 646.

APPEAL from the Twenty-first Judicial District Court for the Parish of St. John the Baptist. *Rost, J.*

*J. F. Pierson* for Plaintiff, Appellant.

*W. S. Benedict* and *Robert G. Dugué* for Le Bourgeois, Defendant, Appellee.

Argued and submitted February 24, 1898.

Opinion handed down March 21, 1898. .

Rehearing refused May 2, 1898.

The opinion of the court was delivered by

MILLER, J.   The city appeals from the judgment dismissing its suit to annul the judgment obtained by defendants in the suit entitled Dufossat *et als.* vs. Fontenot *et als.*, and in favor of defendants on their reconventional demand.   ·

In 1841 John McDonogh and another sued for slander of title to property of which they averred ownership. In the changes of title in the lapse of years since the suit was brought, in 1895, the ownership appears to have become vested in the city of New Orleans succeeding to the one-third interest of the original plaintiff, McDonogh, and Joseph LeBourgeois, the defendant herein. In 1892, the city, by appropriate pleadings, had introduced itself as sole plaintiff and the defendant as sole defendant. Thus the suit stood for a partition and on answers, in our appreciation, tendering the general issue, but with no demand in reconvention. There had been attempts on both sides to bring to trial this long pending litigation, and finally it was fixed for the 20th January, 1895. On that day the counsel for the City having another case fixed, sent an affidavit for continuance, and relying on the affidavit, did not attend the trial. The opposite counsel, conceiving there was no obligation on defendants to continue, insisted on the trial. On the day of trial thus urged by the defendant, his counsel filed a reconventional demand, claiming to be decreed the owner of half the property, and on the same day or a day or two after, judgment was rendered accordingly, and in the absence of plaintiff's counsel. This suit to annul the judgment followed.

The extended discussion in this court of the plaintiff's right to have the judgment annulled, has had our full attention. But our decision is controlled by the view we take on one phase of the case.

It will be conceded that the Code of Practice giving the remedy to annul judgments, is not restrictive. The jurisprudence on this subject is not intended to sanction negligence or the laches of the litigant or his counsel, or to afford a remedy for that indifference or want of diligence that sacrifices the suitor's rights. But our courts have not hesitated to afford relief against judgments irrespective of

any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. C. P., Art. 607; Norris vs. Bristoe, 3 An. 646; Chinn vs. First Municipality, 1 Rob. 523; Swain vs. Sampson and Keen, 6 An. 799.

Until the day of trial and of judgment, the suit, if we are correct in our appreciation of the record, stood on the general issue, at least on no reconventional demand. In that position there could be no judgment against the absent plaintiff, except one of non-suit. To that protection we think plaintiff was entitled by the very text of the Code. Article 536. The defendant on the day of trial changed the issue tendered by the petition, and made the reconventional demand, practically converting the suit into a petitory action with a reconventional demand. Of that issue the plaintiff had no notice. If there were no rule of court on the subject, we should feel the strain of maintaining the judgment. But the rule, as we understand it, is that of all causes put at issue after the term begins, notice must be given to the adverse party. Now, while this suit was at issue when the term begun, the issue on which it was determined was not made until the term opened; then was made and decided in plaintiff's absence. We think obvious justice and the spirit of the rule, if not its letter, entitled plaintiff to notice, and this method of proceedings entitles the plaintiff to the relief sought. C. P., Arts. 491, 536; Coiron vs. Millaudon, 3 An. 667; Adams vs. Harrison, 4 An. 165; Phillips vs. Cassidy & Powell, 36 An. 288.

The suit seems to involve a large interest. In reference to that interest, at least to the extent of the adverse judgment, the City has had no hearing or opportunity of defence. Our decree simply secures that opportunity, and the delay can work no injury comparable to that which the litigant sustains whose rights are adjudged without that notice and means of defence, on general principles, the law secures to all.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, the judgment in City vs. Le Bourgeois referred to in the petition be and is hereby annulled and the said suit be reinstated for trial, and that defendants pay costs.

NICHOLLS, C. J., recused.