The judgment appealed from is therefore affirmed.

(57 South. 1010.)

No. 18,806.

NESSANS v. COLOMES.

(March 11, 1912.)

*(Syllabus by Editorial Staff.)*

1. NEW TRIAL (§ 140*) — SWORN APPLICATION—NECESSITY.

It was not necessary that an application for new trial be sworn to where applicant offered herself as a witness to testify to the grounds relied upon.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284–289, 302, 306; Dec. Dig. § 140.*]

2. NEW TRIAL (§ 6*)—DISCRETION OF COURT.

The granting of new trials is largely in the trial court's discretion; new trials being grantable in the interest of substantial justice.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

3. NEW TRIAL (§ 86*)—GROUNDS—INTERESTS OF JUSTICE.

Where, upon the introduction in evidence of an instrument signed by plaintiff which, if genuine, was fatal to her case, plaintiff's counsel abandoned the case, a new trial should be granted upon an application supported by evidence showing that the instrument was forged.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 172–174; Dec. Dig. § 86.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Justine Marie Nessans, wife of Albin O. Boyer, against Honorine Jeanne Colomes, wife of Charles J. Melchior. From an order denying a new trial, plaintiff appeals. Judgment for defendant set aside, and case remanded for trial.

Meyer S. Dreifus, Clarence S. Hebert, and Lafargue & Lafargue, for appellant. Charles J. Théard, for appellee.

PROVOSTY, J. Plaintiff sues to set aside a transfer of real estate made by her mother to defendant as having been made without consideration and induced by fraud; her mother's mind having been so impaired by illness at that time that she was incapacitated from attending to business.

The trial began by plaintiff calling defendant to the witness stand for cross-examination under Act 146 of 1908. At the conclusion of the cross-examination, a document was produced, which, if genuine, was fatal to plaintiff's case, and the witness was asked whether plaintiff's signature to it was genuine, and, she having testified that it was, counsel for plaintiff asked permission to confer with the husband of plaintiff who was in court (the plaintiff herself being absent), and the court granted the request. The note of evidence shows the following:

"Mr. Dreifus: If your honor please, I should like a few minutes to consult with my client. The Court: Certainly. Mr. Dreifus (after returning to the courtroom): This comes as a surprise to both myself and my client, neither of us knowing anything about this document, and, in view of it, we will abandon the case. Mr. Théard: I should like to have judgment entered upon the record accordingly. The Court: That will be done."

Within the delays for a new trial, and before signature of judgment, the plaintiff took a rule on the defendant to show cause why a new trial should not be granted on the ground that the said document was a forgery. When this rule came to be tried, plaintiff was put on the stand to sustain the allegations of her rule; but the court would not hear the evidence, and denied the new

trial. In doing so, the learned trial judge assigned the following reasons:

"I am not prepared to say that I will not give the plaintiff in the case an opportunity to be heard. I am not prepared to say what my findings may be. While the charges are very severe, I think, in the interest of all parties to-day, that my whole inclination would be to reopen the matter, and give an opportunity to both sides of the case to be heard, and to vindicate the one side from as opprobrious and bad a charge as could be made against another. These impressions are very strong upon my mind, and probably may eventuate in a favorable issue in support of a motion for a new trial. It may be that in a jury case where the misconduct of a juror or a witness who have been charged with lack of probity, or something of that kind, where the matter is still fresh, that matters of this kind could be heard, but I do not think that I could supplement a motion here by evidence, because it would lead to this condition of affairs: If this lady should testify that the document produced against her was a forgery, of course it would result in cross-examination of her, and I would be compelled, having once opened the door, to permit the other party to come and produce evidence in regard of the verity of the signature, showing that she was mistaken in her charges, and we would be trying a summary proceeding, attacking the validity of the judgment rendered under circumstances not consistent with the charge of forgery vel non; therefore my judgment is that the objection taken against the admissibility of the evidence at this particular time is well taken, and I must sustain it."

[1, 2] We think the new trial should have been granted. True, the application for new trial was not sworn to; but plaintiff offered herself as a witness and was duly sworn, and would have testified to the truth of her allegations. New trials are granted in the interest of justice, and are left very largely to the discretion of the trial judge; in other words, in the matter of the granting of them, form must yield to the substance and call of justice. They stand pretty much on the same footing as the remanding of cases by this court. The following excerpts are apposite in that connection:

"So far as granting the new trial was concerned, that might have been done within the legal delays by the judge ex proprio motu. He has within such delays such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for a new trial having been filed by the party cast, direct the judgment set aside and a new trial ordered." State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 34 South. 438.

"When the record of a suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed here, the court will, in its discretion, in the interest of justice, remand the case." Muller v. Hoth, 105 La. 246, 29 South. 709.

"Where it is manifest that evidence improperly excluded by the trial court, on the one hand, and withheld by the advice of counsel upon the other, is easily obtainable, and may serve to aid in the determination of an important issue, this court will in its discretion remand the case in order that such evidence may be supplied. Nunez v. Bayhi, 52 La. Ann. 1719, 28 South. 349.

"Our courts have not hesitated to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscionable and inequitable." New Orleans v. Le Bourgeois, 50 La. Ann. 591, 23 South. 542.

[3] The case was in reality not tried; but the husband and the counsel not suspecting that the signature to the document was a forgery, but believing it to be genuine, abandoned the case without trial.

Judgment set aside, and case remanded for trial.