(100 South. 45)

No. 26284.

### MILLER v. MILLER.

(Feb. 25, 1924. Rehearing Denied by Division A April 21, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Divorce** &#x29e3;160—**Decree for plaintiff in her absence and without her consent, error.**

Where wife sought divorce for husband's adultery, but instructed counsel to withdraw suit before issue joined, but counsel withdrew from the case and defendant thereafter admitted the charges, but prayed that plaintiff's demand be rejected, the full measure of his relief on plaintiff's failure to appear was judgment of nonsuit, under Code Prac. art. 536, and it was improper to render judgment of divorce for her in her absence and without her knowledge and consent.

2. **Divorce** &#x29e3;161—**Counsel in divorce suit held bound to know that wife was unrepresented, where her counsel had withdrawn in open court.**

Where plaintiff's counsel in a divorce suit withdrew from the case in open court, and such withdrawal was noted on the minutes six days before defendant's counsel asked judgment in plaintiff's favor against his own client, such counsel was bound to know of the absence of plaintiff, and of any counsel representing her, and judgment in plaintiff's favor would be an-

nulled, especially where defendant knew such facts.

**3. Divorce 🔑167—Suit to annul divorce judgment may be taken without appeal or after time for appeal has expired.**

Where judgment in favor of plaintiff wife in a divorce suit was rendered without her knowledge or consent after she had directed withdrawal of her suit, an action of nullity could be brought under Code Prac. art. 604, even if no appeal had been taken or if the time to appeal under article 573 had expired.

**4. Divorce 🔑167—Plaintiff may prosecute or discontinue divorce suit at will.**

Plaintiff in divorce has absolute control of her case and may either prosecute or discontinue it at will, and was not guilty of laches precluding relief against judgment rendered in her favor after she had directed withdrawal, because she discharged her counsel, and did not employ other counsel or discontinue the suit, or take an appeal within the time prescribed.

**5. Judgment 🔑443(1)—Courts have discretionary power to determine what fraud or ill practice annuls judgment.**

Under Code Prac. art. 607, courts have discretionary power to determine what kinds of frauds or ill practices strike a judgment with nullity.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by Mrs. Lula Miller against W. L. Miller. Judgment for plaintiff, and defendant appeals. Affirmed.

B. H. Lichtenstein and J. E. Harrington, both of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. This is a case which, we are quite sure, is without precedent in the jurisprudence of this state. The wife is suing to annul a judgment of divorce rendered in her favor on the ground of adultery committed by her husband, and the husband, while confessing his guilt, seeks to maintain the validity of the judgment.

The nullity propounded is that the judgment was rendered in the absence of the plaintiff and without her knowledge and consent and when she was not represented by counsel, and that the action of her husband in obtaining the said decree amounted to ill practice and a fraud upon her rights.

There was judgment in plaintiff's favor annulling the judgment, and the defendant appeals.

In September, 1922, the plaintiff filed a suit for divorce charging her husband with having committed adultery with a party named in the petition, but before issue was joined she instructed her counsel to withdraw the suit. Her counsel did not comply with her request, but on November 13, 1922, addressed a letter jointly to the husband and wife advising them, quoting from the letter, that—

"On account of the fact that we have acted as advisers for both of you in the suit of Mrs. Miller v. W. L. Miller, * * * we do not feel that we can conscientiously have anything further to do with the case."

It was also stated in the letter that Mrs. Miller had advised the said attorneys to withdraw all papers signed by her. This letter was received by the defendant on the day that it was written. Just two days later, the attorneys of Mrs. Miller in open court formally withdrew from the case, and the withdrawal was noted on the minutes of the court. On the same day the defendant employed counsel to represent him, and through said counsel filed an answer specifically admitting each of the five paragraphs of the petition and concluding with a prayer that the plaintiff's demand be rejected. On the sixth day after the answer was filed and without any prior fixing of the case, in so far as the minutes and judgment show, the case was submitted by the defendant's counsel on the petition and answer, in the absence of the plaintiff and without her knowledge and consent, and in the absence of any counsel to represent her. Judgment was rendered

on the following day granting the divorce in plaintiff's favor.

The plaintiff was not informed of the fact until more than 30 days thereafter, when she employed counsel and filed the present action in nullity. Article 536, Code of Practice, provides:

"If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff, with costs."

[1] As we have stated, there was no issue raised by the answer of the defendant by way of reconvention, and while the answer admitted the adultery charge, the prayer was that the plaintiff's demand be rejected. In these circumstances it is clear that the full measure of defendant's relief was a judgment of nonsuit. C. P. art. 536; McDonogh v. Dutillet, 3 La. Ann. 660; Phillips v. Cassidy, 36 La. Ann. 288; Saunders v. Mangham, 42 La. Ann. 770, 7 South. 715; City of New Orleans v. Le Bourgeois, 50 La. Ann. 591, 23 South. 542.

The plaintiff, had she so desired, might have obtained judgment against the defendant on the face of the pleadings and on the admissions of the defendant in his answer, on filing a rule on the defendant to that effect. Act 300 of 1914; Tortorich v. Maestri, 146 La. 124, 83 South. 431; Dowie v. Becker, 149 La. 160, 88 South. 777.

But there is no rule known to judicial procedure which would authorize the defendant to obtain a judgment on the face of the papers, in plaintiff's favor, in her absence and without her knowledge and consent.

[2] The counsel for the defendant in this instance was without authority to act for the plaintiff and, indeed he does not pretend to have had any such authority It is true the defendant's counsel disclaims having had any prior knowledge of the intend-

ed abandonment of the suit by the plaintiff, or that her counsel had withdrawn from the case; but the fact remains that the withdrawal of counsel had been made in open court and noted on the minutes of the court six days before counsel asked for judgment in plaintiff's favor against his own client, and he was bound to know of the absence of the plaintiff and of any counsel to represent her when he called the case up. However, the utmost good faith and honesty on the part of counsel cannot save the defendant from the penalty of having the judgment which he procured against himself declared to be an absolute nullity.

The defendant himself was well aware that the plaintiff had instructed her counsel to discontinue the suit and of her intention not to prosecute it further, and he knew, when he employed counsel to file an answer and to obtain judgment in plaintiff's favor on his admission and confession, that the plaintiff's attorneys had withdrawn from the case.

In concealing these facts and in withholding this information from his counsel, the defendant was not only guilty of a fraud on the legal rights of his wife, but of superinducing his counsel unwittingly to practice a deception on the court—an ill practice in legal procedure which cannot receive judicial approval.

[3] It is argued that plaintiff's remedy, if there was error, was by an appeal, but the Code of Practice, art. 604, authorizes an action of nullity even if no appeal has been taken, or if the delay for taking the same has expired. The delay for a suspensive appeal from a judgment of divorce is 30 days from the signing of the judgment, and there is no devolutive appeal allowed. C. P. art. 573. This delay had expired when the plaintiff first received notice that a judgment had been rendered in her favor. Hence her only remedy was by an action in nullity.

[4] It is further contended that the plaintiff was guilty of laches in discharging her counsel and not employing another, and for failing to take an appeal within the time prescribed by law, and without dismissing her suit, if she intended to discontinue same. The contention is untenable and is without support in law or reason. The plaintiff had the absolute control over her case and the unquestioned legal right either to prosecute or to discontinue it at her will and pleasure. She was not bound to take an appeal even if she had been informed of the judgment in time to have done so within the legal delay. Moreover, the nullity of the judgment complained of was not one of form appearing upon the face of the papers, but one that appertains to the merits of the case, and would not have been disclosed by the record on an appeal.

The action of nullity "as provided by Code Prac. art. 607, is independent of the remedy by appeal," and while it is not a substitute for an appeal, "its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy." State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 South. 864.

[5] Article 607, Code of Practice, provides that—

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered."

In the instant case the fraud and ill practices, it is true, were not on the part of the wife in whose favor ostensibly the judgment of divorce was rendered, but on the part of the husband by whose act and procurement and for whose benefit alone the said judgment was obtained. The instances enumerated in the article quoted supra are not exclusive and restrictive, but are merely illustrative. The courts have discretionary power to determine what kinds of frauds or ill practices strike a judgment with nullity. Lazarus v. McGuirk, 42 La. Ann. 194, 8 South. 253; State v. Sommerville, 112 La. 1100, 36 South. 864; O'Rourke v. Lawrence, 132 La. 710, 61 South. 764.

"Relief will be afforded against judgments, irrespective of any issue of inattention or neglect, when circumstances under which they were rendered show deprivation of legal rights, and when enforcement of the judgment would be unconscientious and inequitable." City of New Orleans v. Le Bourgeois, 50 La. Ann. 593, 23 South. 542.

The lower judge had no hesitancy in annulling the judgment when the circumstances under which it was obtained were brought to his attention on the trial of this case, and he was eminently correct. The judgment appealed from is affirmed, at the cost of defendant and appellant.

Rehearing denied by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.