LAND, J.
 

 • This is a suit by William V. Gilmore to annul and set aside a judgment, rendered September 5, 1923, probating the olographic will of his sister, Ellen A. Gilmore, deceased, of date .June 21, 1904, and recognizing petitioner and his brother, Joseph C. Gilmore, as universal legatees under said will, and putting them in possession, in equal proportion, of all of the property of her estate.
 

 The rescission of all proceedings had in the succession of decedent is demanded. Petitioner also seeks in this proceeding to have recognized as valid and admitted to probate two later olographic will's made by Ellen A. Gilmore, and dated, respectively, June 11, 1923, and July 5, 1923, in each of which the testatrix bequeathed to petitioner all of her property, and expressly revoked all former wills. The grounds of the action of nullity are that, for many days prior to August 20, 1923, the defendant, Joseph C. Gilmore, an attorney at law, and brother of petitioner, continuously advised petitioner, who is not a lawyer, that the later wills executed by the said Ellen A. Gilmore were scraps of paper, invalid, and of no effect, and that defendant continuously importuned petitioner to consent to the probate of the will of June 21, 1904, in which the defendant, Joseph C. Gilmore, and petitioner had been instituted universal legatees with equal shares, without disclosing the existence of the other two wills.
 

 1. The main question submitted for consideration, under an exception of no cause of action, is whether the allegations in the petition, if taken as true, form a suffieent basis for an action of nullity under article 607 of the Code of Practice which provides that:
 

 “A definitive judgment may be annulled in all cases where it appears that it has been obtained
 
 through fraud or other ill practices
 
 on the part of the party in whose favor it was rendered; as if he had obtained the' same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of
 
 *133
 
 ■which the defendant had lost or could not find at the time, hut has found since the rendering of the judgment.”
 

 It is true that said petition does not charge “fraud” or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the iitigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazaras v. McGuirk, 42 La. Ann. 200, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La. Ann. 592, 23 So. 542.
 

 Courts of equity wUl not permit one party to take advantage of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris, vol. 2, pars. 847, 848, 849, 956.
 

 The exception of no cause of action is not well founded.
 

 2. The evidence in the record sustains substantially the allegations contained in the petition.
 

 As testaments cannot take effect until the death of the testator, it is elementary that the testator is at liberty to revoke all former testaments at will. This right of revocation cannot be renounced or restricted by the testator. R. C. C. art. 1690.
 

 It is to be presumed that attorneys, who have practiced law a number of years, are familiar with the law of this state on the subject of the revocation of wills.
 

 The last two wills of Ellen A. Gilmore, executed in June and July, 1923, instituted petitioner as universal legatee, and expressly revoked all former wills. These later dispositions must necessarily prevail over the first will of 1904. R. C. C. arts. 1691, 1694. The effect of the advice given by Joseph O. Gilmore, the brother of petitioner, was to divest petitioner of a half interest in .the property bequeathed to him under the last wills, and to vest this interest in Joseph O. Gilmore under the first will, which had been expressly revoked by the testator in the testaments subsequently executed by her.
 

 Petitioner was deprived of his just and legal rights under the later wills by the erroneous and clearly illegal advice of his brother, and to the evident enrichment of the latter, when under the later wills the brother of petitioner had been destituted of any claim whatever under the first will to any part -of the property devised.
 

 3. The defendant, Joseph O. Gilmore, had been the attorney of petitioner, William V. Gilmore, in all matters requiring legal advice up to the time .of the probation of the first will of 1904. They had lived together in the same house for a number of years. Petitioner naturally relied upon the advice of his brother in the probation of the will of 1904 and, being a layman, imposed implicit confidence in the counsel given him by his kinsman in regard to the estate of their late sister. Under such circumstances, petitioner was not estopped from employing new attorneys to bring the present action of nullity, notwithstanding the probation by petitioner of the first will and the execution of its provisions, as the enforcement of the judgment probating this will would be unconscientious and inequitable under the facts of the ease. The plea of estoppel was properly overruled.
 

 4. Nor can the judgment sought to be annulled in these proceedings be pleaded by defendant, Joseph O. Gilmore, as res judicata
 
 *135
 
 to the action of nullity brought by his brother, William V. Gilmore. The plea of res judicata is therefore unavailing. Edwards v. Edwards, 29 La. Ann. 597; Anderson v. Benham, 40 La. Ann. 338, 4 So. 454; Lazarus v. McGuirk, 42 La. Ann. 200, 8 So. 253.
 

 The lower court annulled the judgment probating the first will, set aside all proceedings in the succession of Ellen A. Gilmore, recognized the validity of the two later wills, and held them admissible to probate.
 

 The judgment appealed from is correct.
 

 Judgment affirmed.