This is an action in nullity in which Vincent C. Picolo seeks to have a judgment of the First City Court set aside insofar as it runs against him (the judgment condemned Picolo and his wife in solido) upon the ground of fraud.
On January 2d 1943, W. Coy Vinson filed a petition in the First City Court against Vincent C. Picolo and his wife, Mrs. Vincent C. Picolo, claiming $263 as damages to his automobile alleged to have been caused as the result of a collision with an automobile driven by Mrs. Picolo while on a community errand. Both defendants were served by citation delivered to Mrs. Picolo. Such service was, of course, effective as to Picolo. Code of Practice, Article 189. No appearance was made upon behalf of either Mrs. Picolo or her husband and, on January 18th, 1943, judgment by default was entered, and on the same day notice of judgment was served on Mrs. Picolo. The judgment was signed on January 25th, 1943. On February 8th, 1943, the present suit to annul the judgment was filed. Meanwhile garnishment having been issued to Nick S. Pahos, Picolo's employer, a supplemental petition was filed by Picolo, in which a restraining order was prayed for and obtained and the judgment creditor and the Constable of the First City Court ordered to show cause on February 16th, 1943, why a preliminary injunction should not issue.
Defendant in the annulment suit filed exceptions of no right or cause of action and, at the same time, answered the original and supplemental petitions of plaintiff, denied the allegations of fraud contained therein, and asked for $150 as attorney's fees "incurred in the defense of this cause".
With the pleadings as thus made up the case came up for trial on its merits without the preliminary restraining order having been dissolved or a preliminary injunction issued. Apparently the question of injunctive relief was referred to the merits of the controversy. On the trial upon the merits W. Coy Vinson, the plaintiff in the original suit, Vincent C. Picolo, the plaintiff in the annulment suit, and other witnesses were placed on the stand.
The trial resulted in a judgment dismissing the suit for injunction and Picolo has appealed. No allowance, however, was made for attorney's fees and Vinson has answered the appeal seeking to have attorney's fees awarded him.
The alleged fraud is said to consist in the false statement contained in Vinson's petition to the effect that the car which caused the damage to Vinson's automobile belonged to Picolo when, as a matter of fact, it was the property of his wife and that Vinson, in testifying to this effect on the stand, perjured himself, and also that Vinson alleged that Mrs. Picolo was on an errand in behalf of the community of acquets and gains at the time of the accident. It is further alleged that certain testimony given by Vinson, in confirmation of default, to the effect that Mrs. Picolo, *Page 780 
at the time of the accident, had two children in the car with her, was insufficient to warrant Vinson assuming that the car was on a community errand.
Article 607 of the Code of Practice reads as follows: "A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."
This article has been liberally interpreted as appears by the following quotation from Succession of Gilmore, 157 La. 130,102 So. 94, 95.
"It is true that said petition does not charge `fraud' or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. 194, 200, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 592, 23 So. 542.
"Courts of equity will not permit one party to take advantages of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris, vol. 2, pars. 847, 848, 849, 956".
In Miller v. Miller, 156 La. 46, 100 So. 45, 46, we find the following: "The action of nullity `as provided by Code Prac. art. 607, is independent of the remedy by appeal,' and while it is not a substitute for an appeal, `its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy.' State ex rel. Pelletier v. Sommerville,112 La. 1091, 36 So. 864."
In the case before us, however, we find no evidence of fraud. It is true that the plaintiff alleges that the automobile belonged to Picolo and that it was registered in his name and that, at the time of the accident, was being driven in the interest of the community. There is also another allegation in the alternative to the effect that if the car was not driven in the interest of the community at the time of the accident, then a judgment is asked only against Mrs. Picolo. We find nothing fraudulent in these allegations. Just what testimony was adduced in confirmation of default we do not know, since it is not in the record, but we do find a certificate of the judge that sufficient evidence was presented.
The question of whether the car belonged to Mrs. Picolo and whether it was being driven in the interest of the community at the time of the accident were determined in favor of Vinson upon "plaintiff making due proof of claim".
The points raised by Picolo, as the basis of his attack upon the validity of the judgment, might have been successfully pleaded in defense of the original action or may have availed Picolo on appeal, but the action of nullity cannot be used as a substitute.
The claim for attorney's fees cannot be allowed. Edwards v. Wiseman, 198 La. 382, 399, 3 So.2d 661.
Attorney's fees for the dissolution of an injunction can only be allowed when the writ is dissolved on the face of the papers and not on the merits of the controversy. If attorney's fees are allowable at all in connection with the dissolution of a temporary restraining order, which is doubtful, the restraining order issued in this case was not dissolved but referred to the merits. (Ibid.)
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.