79 So.2d 625 (1955)
Donald J. ROMERO and Emmco Insurance Co.
v.
Forrest P. GALLEY.
No. 4000.
Court of Appeal of Louisiana, First Circuit.
April 22, 1955.
Blanchard & Blanchard, Donaldsonville, for appellant.
*626 McBride & Brewster, Lafayette, for appellees.
ELLIS, Judge.
Upon April 5, 1954 plaintiff, Donald J. Romero, and his property damage insurer, as subrogee, brought suit against Forrest P. Galley. The former alleged personal injuries, and the latter sought the recovery of the amount it paid for property damage. On April 12, 1954 personal service was had upon the defendant, and on May 14, 1954 a preliminary default was entered. This default was confirmed on June 17, 1954 when judgment was rendered and signed in favor of the insurer in the amount prayed for, $108.34, and, in favor of the plaintiff, Romero, in the amount of $922, together with legal interest thereon from date of judicial demand until paid. The amount awarded Romero consisted of medical expenses in the amount prayed for, $122, the cost of repairs to his car of $50, the policy being a deductible one in that amount, and $750 for personal injuries, the damages sought for this item having been $1500.
An attempt was made to execute upon this judgment and the defendant filed suit to have it annulled and for an injunction to prevent the sale of the property seized or the enforcement of the judgment in any manner. To this suit the plaintiffs filed an exception of no right and no cause of action, which was sustained and the suit dismissed. Thereupon the defendant perfected a devolutive appeal from the judgment by default and a suspensive appeal from the judgment upon the exceptions. The original plaintiffs have answered the appeal seeking damages upon the basis that it is frivolous, and that they have sustained loss due to the delay occasioned by the appeal.
Articles 606 and 607 of our Code of Practice provide for annulling judgments. The first deals with vices of form and is not pertinent here. The second reads as follows:
"Fraud or improper practices resorted to in obtaining judgmentA definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."
The petition in the nullity of judgment suit, which will hereinafter be referred to as the second suit, makes certain averments concerning the original suit, which will hereinafter be referred to as the first suit, upon which are based the grounds for annulment. These allegations charge the petition in the first suit contains conclusions of law only and no statement of facts insofar as the negligence of the defendant is concerned. Also, it is set out in the second suit that the accident happened under entirely different facts and circumstances than the description given in the petition in the first suit. The second petition also charges the judgment in the first suit was obtained "on false and untrue testimony * * * by fraud and deceit and by withholding from the Court a true and correct version of the collision and of the circumstances surrounding the collision."
An examination of the petition in the first suit leads us to the conclusion that perhaps an exception of vagueness thereto might have been maintained and the plaintiff ordered to amend his complaint. However, none was filed, and could not be allowed after a judgment by default had been taken as this type of exception must be pleaded in limine litis according to Article 333 of the Louisiana Code of Practice, which states positively that no dilatory exception "shall be allowed in any case after a judgment by default has been taken; * * *."
The allegations in the second suit describing the accident contained a recitation of the defendant's version of how it *627 happened, and alleged further that if given an opportunity to do so he could refute the testimony taken upon confirmation of the default. That can all be grouped as forming the basis of a defense and would properly have been contained in an answer. Certainly they do not set forth any reason to nullify the judgment. The other pertinent allegations of the second suit claim fraud and deceit, but the allegation setting this forth is based upon the pleader's conclusion that the judgment was obtained by withholding from the Court a true and correct version of the collision and the statement that the plaintiff was guilty of contributory negligence. In Vinson v. Picolo, La.App., 15 So.2d 778, 780, is found the following:
"In Miller v. Miller, 156 La. 46, 100 So. 45, 46, we find the following: `The action of nullity "as provided by Code Prac. art. 607, is independent of the remedy by appeal," and while it is not a substitute for an appeal, "its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy." State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864.'"
It is well settled that a nullity of judgment suit cannot be substituted nor take the place of an appeal as evidenced in Walsh v. Walsh, 215 La. 1099, 42 So. 2d 860, 864, where our Supreme Court said:
"In this postulate, counsel failed to take into account the difference between a judgment which may be erroneous as a matter of law, because of an insufficiency of evidence or otherwise, and one procured by fraud, illpractice or misrepresentation. It is only in the latter case that the action of nullity is permissible under Article 607 of the Code of Practicefor it is firmly established that the remedy cannot be employed as a substitute for an appeal. State (ex rel. Pelletier) v. Sommerville, 112 La. 1091, 36 So. 864; Emuy v. Farr, 125 La. 825, 51 So. 1003; Miller v. Miller, 156 La. 46, 100 So. 45 and Vinson v. Picolo, La.App., 15 So.2d 778."
We quoted from the last two cited cases in Cryer v. Cryer, La.App., 70 So.2d 752, as well as from Adams v. Perilloux, 216 La. 566, 44 So.2d 117, 120, which states:
"Article 607 of the Code of Practice provides that a definitive judgment may be annulled where it appears that it was obtained through fraud or ill practices on the part of the party in whose favor it was rendered. While it has been held that the causes enumerated in this article are merely illustrative and not restrictive yet there must be some artifice or deception used to prevent an adversary from fully exhibiting his case. There were no artifice or deception used to prevent any answer being filed in the case or to prevent the opposing party from fully exhibiting his case."
We find nothing in the record to substantiate appellant's contention that the original judgment was obtained through fraud or deceit, nor is there anything to show he was deprived through any "artifice or deception" of his right and opportunity to file an answer or make any defense he had. The preliminary default was not taken until one month after personal service and it was not confirmed for another month. Upon confirmation, evidence was heard and after hearing it, the trial court reduced the damages claimed for personal injuries by one-half. Consequently, no grounds of fraud or deceit have been shown or set forth in the petition in the second suit, but merely allegations made which could have been urged upon the trial of the case. Therefore, the ruling of the lower court upon the exceptions is correct. Also, our jurisprudence shows there is a presumption that the trial court rendered a correct judgment on proper evidence unless the record itself shows the contrary.
The negligence charged to the defendant in the first suit alleges he failed to have *628 proper control of his vehicle; that he was driving at an excessive rate of speed; that he falied to see what he should have seen and failed to do what he should have done. It further stated the plaintiff was driving in a careful and prudent manner when the defendant ran into the rear of his car, causing the damage complained of. As aforesaid, while this petition might have been subject to an exception of vagueness, none was filed, and the evidence produced shows the plaintiff was driving in a careful and prudent manner when two automobiles approached him from the rear, when the first proceeded to pass him, but due to an on-coming car, which was approaching the second car which was being operated by the defendant, could not pass, and struck the rear of his truck, knocking him into the path of the on-coming vehicle. The plaintiff's account of the accident is contained in the note of evidence and he explains he received his injuries when his truck hit the approaching vehicle, which had come to an abrupt stop before his vheicle was pushed into it by the impetus of the collision of the defendant's car with the rear of his truck.
Bills of the doctors who treated the plaintiff were introduced, which he testified were medical expenses occasioned by the accident. Also introduced were the bills covering the repairs to the truck and letters from the doctors who treated him. He was knocked unconscious, receiving a cut upon his forehead, and had two teeth knocked loose, which had to be extracted, and his denture was broken. He testified that he suffered from the injuries to his head and mouth for about three weeks, and he sought the recovery of $1,500 for his personal injuries, which the trial court reduced to $750. We think this award reasonable. The medical bills amounted to $122 and were proven by letters from the doctors. The amount of the deduction under the policy of $50 is not disputed.
Concluding that the default was regularly and legally entered and the confirmation taken upon sufficient testimony, the judgment in the first suit cannot be disturbed.
The appellees have answered these appeals, praying damages and loss to them by delay has been occasioned upon the ground that they are frivolous. In Moore v. Vives, La.App., 49 So.2d 363, at page 365, is found the following:
"While the record amply sustains the judgment rendered by the court, a qua, the appeal was not obviously taken for delay, and, therefore, is not, in that respect, frivolous. The facts of the case do not, in our opinion, warrant imposition of the penalty requested by plaintiff and permitted, under the proper circumstances, by virtue of the provisions of Article 907 of the Code of Practice."
Also, our Courts have been loath to award such damages where an appeal was taken in good faith. See Savoie v. Snell, La.App., 29 So.2d 315. We do not believe the circumstances here justify an award of damages for a frivolous appeal.
For the reasons set forth hereinabove both judgments of the district Court are affirmed, at the cost of the appellant.