127 So.2d 347 (1961)
Mrs. Alveta T. Lassetter HALL, Plaintiff-Appellant,
v.
Joseph F. HALL, Defendant-Appellee.
No. 9411.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1961.
Rehearing Denied March 10, 1961.
*348 Campbell, Campbell & Marvin, Minden, for plaintiffs-appellant.
Love & Rigby, Shreveport, for defendant-appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
Plaintiff appeals from a judgment sustaining an exception of no cause and of no right of action. The issue presented for resolution in reality relates solely to the sufficiency of plaintiff's allegations considered in connection with the documents attached to her petition to state or disclose a cause of action.
In giving consideration to an exception of this character, certain well-established principles must be borne in mind. For instance, it is elementary that all well-pleaded facts must be accepted and considered as true; that a petition stating a cause of action on any ground or as to any portion of the demand will not be dismissed on an exception of no cause of action; that, in determining whether or not a petition states a cause of action, the petition must be considered in its entirety; and all documents annexed to and made part of the petition must be given consideration inasmuch as the recitals or contents of exhibits attached to or made a part of a petition govern and control the allegations of the petition. Weber v. H. G. Hill Stores, Inc., 210 La. 977, 29 So.2d 33; Sladovich v. Glaser, 150 La. 918. 91 So. 297; Oliver v. Shreveport Mun. Fire and Police, etc., La.App.2d Cir., 1956, 88 So.2d 405, 408; Bourg v. Songy, La.App. 1st Cir., 1952, 61 So.2d 358.
The object of this action is the annulment and cancellation of a judgment obtained by defendant against plaintiff ordering *349 and directing the cancellation and erasure from the mortgage records, a conventional mortgage and vendor's lien held by her and covering certain-described real property situated in Webster Parish, Louisiana. The nullity of the judgment is predicated on the ground it was obtained through fraud and other ill practices on the part of the defendant.
The material recitals of the pleadings and exhibits attached thereto disclose these facts:
Prior to June 23, 1955, plaintiff and defendant were married and, during their marriage, they acquired, as a part of the assets of the community of acquets and gains existing between them, certain real estate situated in the aforesaid parish and state. On the aforesaid date they were judicially separated by a judgment of court. Prior to this separation, they entered into a tentative agreement for the settlement of the estate existing between them. After their separation, the agreement was ratified and consummated. Pursuant thereto, plaintiff deeded to the defendant her one-half community interest in and to 30 lots located in Units 1 and 2 of the Plum Orchard Park Subdivision of Webster Parish, Louisiana, for a recited consideration of $7,000, $3,015.87 of which was recited to have been paid in cash and the balance of $3,984.13 represented by one promissory note of the defendant payable to plaintiff 24 months after date and bearing interest at 5½% per annum commencing 16 months after date. To secure payment of the aforesaid note, plaintiff retained a vendor's lien on the interest in said property sold and conveyed by her and the defendant specially mortgaged and hypothecated unto plaintiff the whole of said property.
By the terms of the agreement of settlement of their community estate, it was provided that in the event any of the aforesaid property was sold by defendant, plaintiff would be paid any cash as well as any vendor's lien notes, representing any credit portion of the purchase price; whereupon, she would cancel and erase, so far as the particular property sold was concerned, the mortgage and lien executed pursuant to their agreement of settlement. By credit of $241.16 allowed as of June 23, 1955, and $1,325 as of October 24, 1955, defendant's aforesaid indebtedness was reduced to $2,417.97. No further payments were made. However, on June 25, 1956, defendant instituted an action against plaintiff to cancel and erase the aforesaid vendor's lien and mortgage executed pursuant to their agreement of settlement of their community estate.
As a basis for said cancellation, defendant alleged he had, by separate sales, sold two lots in said subdivision for a total consideration of $2,800, $300 of which was paid in cash and the remainder represented by notes of the purchasers in the sums of $1,500 and $1,000, respectively, secured by vendor's liens and special mortgages on the property or lots conveyed. In substantiation of such sales, purported copies thereof were attached to his suit.
In the meantime, plaintiff had established her domicile in the State of Alabama and it was during her attendance in court on another matter that service was had upon her in defendant's suit. Plaintiff's counsel in that action took the citation and copy of petition served upon her and assured her he would take care of the matter and that it did not amount to anything. He told her not to worry about it. She never thereafter had any information about that suit until just prior to the commencement of the present action, when she returned to Louisiana for the purpose of making a collection of the balance due her when she discovered that her mortgage and vendor's lien had been canceled by a judgment and decree of court. Her present attorneys were then employed to make an examination of the proceedings which allegedly revealed that the two vendor's lien and mortgage notes which defendant had allegedly tendered to plaintiff as valid, subsisting obligations of the makers did not constitute valid obligations in that the purported *350 sales with which they were alleged to have been identified had not been, nor were they ever, consummated; nor were the acts of sale ever inscribed on the public records.
Thus, plaintiff contends that the basis for defendant's claim for a cancellation of her vendor's lien and mortgage were false and untrue, and that, by the making of such false representations, and by procuring a judgment based thereon, a fraud had been practiced on her and on the court as well.
Alternatively, plaintiff alleged that, if she was not entitled to the annulment of the judgment ordering the cancellation of her vendor's lien and mortgage, the defendant should be required to deliver to her, with proof of their genuineness and validity as first mortgage obligations, the notes which he had alleged belong to and which he allegedly had tendered to her, together with an accounting for any and all collections made thereon; also, in the alternative, if the defendant could not produce those notes, with evidence of their continuing subsistence as valid obligations, secured by first mortgages upon the lots described in acts of sales identified therewith, then that she have judgment against the defendant for the aforesaid balance on defendant's original obligation.
From the allegations of plaintiff's petition and the documents attached thereto, it can only be concluded defendant owed plaintiff a balance of $2,417.97, represented by defendant's promissory note. The defendant had the option of discharging this obligation by either paying it or by delivering to plaintiff valid first mortgage notes of third parties purchasing property in the aforesaid subdivision. In the action to cancel plaintiff's mortgage, defendant alleged he held, for plaintiff's account, the two aforesaid purported notes which she should be required to accept in lieu of the former mortgage. The record further discloses that, after instituting the mandamus proceeding to compel the cancellation of plaintiff's vendor's lien and mortgage, defendant sold one of the lots which he represented to the court as having been already sold.
The net result of the actions of the defendant, according to the allegations of plaintiff's petition, which we must accept as true for the purpose of passing on this exception of no cause of action, is that plaintiff's act of mortgage and vendor's lien has been canceled, although she has not been paid either in money or first mortgage notes as contemplated and encompassed within the provisions of their agreement of settlement of their community estate. And, if the judgment of which plaintiff complains is allowed to stand, plaintiff has lost the security for the payment of the indebtedness due her.
A definitive judgment may be annulled under Code of Practice, Art. 607 in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; and relief will be afforded against judgments irrespective of any issue of intention or neglect when the circumstances on which they were rendered show deprivation of legal rights and where the enforcement of a judgment would be unconscientious and inequitable. City of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542; Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; Succession of Gilmore, 157 La. 130, 102 So. 94; Miller v. Miller, 156 La. 46, 100 So. 45.
The main question submitted for consideration under an exception of no cause of action is whether the allegations in the petition, if taken as true, form a sufficient basis for an action of nullity under Art. 607 of the Code of Practice. The remedy given by this article to annul judgments is not restrictive as to the causes for which nullity may be decreed. As was stated in the Succession of Gilmore, supra,
"* * * The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances *351 under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. 200, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La.Ann. 592, 23 So. 542.
"Courts of equity will not permit one party to take advantage of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris, vol. 2, pars. 847, 848, 849, 956." [157 La. 130, 102 So. 95] See, also, Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521.
Thus, it appears that the judgment sought to be annulled was obtained upon the misrepresentation of the defendant that the notes alleged to have been tendered plaintiff through her former counsel were valid, subsisting first-mortgage obligations and that the copies of the purported deeds filed with defendant's petition were copies of valid, consummated transactions.
Applying this law to the exception of no cause of action in the instant case, it becomes immediately evident that plaintiff's complaints are not without a legal basis; and that, if the judgment is permitted to stand, she has lost security for defendant's obligation without having been paid or furnished other security as contemplated in their settlement of their community estate. It would be most difficult, indeed, to comprehend why plaintiff would not be entitled to one or the other of the forms of relief for which she suggests and prays.
Defendant contends, however, that an action of nullity may not be substituted for, or take the place of, an appeal. With this contention, we are in accord, as an action of nullity, as provided by the provisions of the aforesaid article of the Code of Practice, is independent of the remedy by appeal and, while it is not a substitute for an appeal, its purpose is to furnish relief against fraud which operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860; Miller v. Miller, supra; State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864; Romero v. Galley, La.App. 1st Cir., 1955, 79 So.2d 625; Cryer v. Cryer, La.App. 1st Cir., 1954, 70 So.2d 752; Vinson v. Picolo, La.App.Orleans, 1943, 15 So.2d 778.
In this regard, it is contended there is no showing in plaintiff's petition, in this case, that defendant or any witness appearing on his behalf testified fraudulently, committed perjury, or testified to any false facts. Nevertheless, it appears from plaintiff's allegations and the exhibits attached thereto that the court was induced to decree a cancellation of plaintiff's mortgage and vendor's lien on the substitution therefor of obligations of third parties which, in reality, had no existence and, thus, that the fact that the judgment was procured through fraud, does not appear on the face of the record, and, hence, that plaintiff herein could have been afforded no relief by an appeal. She had no notice or knowledge of the fraud practiced upon her prior to rendition of the judgment of which she complains. Nor was the court informed, at the time of rendition of judgment, that the purported notes and obligations of the third parties were nonexistent as obligations, or that the purported acts of sale identified therewith were not then recorded, or would not be recorded thereafter, but disregarded, and other sales of the property consummated.
In accordance with the agreement of the community property settlement, plaintiff was to be paid by the defendant, in cash, the obligation contracted by him, or to substitute, *352 in lieu thereof, obligations of third parties secured by valid, subsisting vendor's liens and special mortgages upon such lots as might be sold. Until defendant discharged his obligation by one or the other of these methods, he was not entitled to a cancellation of plaintiff's vendor's lien and mortgage in its entirety. Through practices alleged in her petition, unknown to both her and the court, judgment was rendered canceling her mortgage and lien and depriving her of any security whatever.
Defendant's rights were prescribed within the bounds of the agreement of settlement entered into between him and his former wife. He had the right to sell the lots, pay plaintiff the cash received, and transfer the mortgage notes to her for credit upon his own obligation. Had he followed the procedure indicated in the agreement, he would have been within his rights to have made a tender of the notes and, upon plaintiff's failure to accept them, to have deposited them in court and then to have instituted an action to compel their acceptance and for a cancellation of plaintiff's mortgage. This procedure was not followed. After judgment was obtained, the alleged sales were ignored by the defendant. He proceeded to make other sales of the property and retained the consideration, both cash and the notes, received therefor.
The petition and the documents attached thereto, for the aforesaid reasons, stated, in our opinion, a cause of action. The exception of no right of action has no application.
It may be noted, however, that, since the appeal was taken, the defendant died and Herman Arthur Peterman has been appointed and confirmed as testamentary executor of his estate and succession, and has been made and substituted as party defendant and appellee herein.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and the exception of no cause and of no right of action is overruled and, accordingly, this cause is remanded to the Honorable, the Twenty-Sixth Judicial District Court in and for Webster Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed. The estate and succession of the defendant, Joseph F. Hall, is assessed with the cost of this appeal. All other costs are to await final judgment.
Reversed and remanded.