GLADNEY, Judge.
Petitioner filed this action on March 16, 1962, to have declared null a judgment rendered against him and in favor of defendant. Defendant, Gulfco Finance Company of West Monroe, Inc., brought suit on a note and chattel mortgage alleged to have been executed by petitioner on February 29, 1960, and obtained judgment against petitioner by default on November 15, 1961, in the suit styled “Gulfco Finance Company of West Monroe, Inc. v. Cecil H. Sturgis, et al”. Petitioner alleges he did not execute the note and act of chattel mortgage sued on by defendant and did not authorize any person to so execute it in his behalf and that his name thereon is a forgery. Petitioner states he first learned the note was forged on March 14, 1962. He claims he had signed several accommodation notes in favor of defendant and believed he was being sued on one of these notes. Defendant filed an exception of no cause or right of action which was sustained by the City Court of the City of West Monroe, and petitioner’s suit was dismissed. Petitioner brings this devolutive appeal, assigning as error that the lower court sustained the exception of no cause ,or right of action when the petition clearly showed a right of. action in that the circumstances established it would be unconscientious and inequitable to allow the judgment to be enforced. Petitioner prays that the judgment of the lower court sustaining the exception be reversed so he may be allowed to prove the judgment against him was obtained by fraud.
In support of his position, petitioner relies upon LSA-C.C.P. Article 2004 and the cases cited in comment (b) to that article. He also cites Hall v. Hall, La.App., 127 So.2d 347 (2d Cir. 1961) and Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949).
Defendant argues none of the cases cited in the comments to LSA-C.C.P. Article 2004 are appropriate to this case. It contends that in order for petitioner to be entitled to apply LSA-C.C.P. Article 2004 he must be deprived of the knowledge of the existence of the defense relied on, or of the opportunity to present it timely by some intentional artifice, deception, fraud or other ill practice on the part of the defendant. Defendant submits that under the provisions of the Code of Civil Procedure and the jurisprudence of this State, the lower court’.s judgment should be affirmed, and cites, among others, the cases of Dixson v. Carter, La.App., 138 So.2d 227 (4th Cir. 1962, and Vinson v.. Picolo, La.App., 15 So.2d 778 (Orl.Cir.1943).
*784 The issue presented on appeal is whether petitioner’s allegations state a cause of action. That is, should plaintiff be allowed at this point to prove, in an action of nullity, that the judgment against him was obtained by fraud ?
In Hall v. Hall, La.App., 127 So.2d 347, 350, 351 (2d Cir. 1961), the plaintiff was allowed to prove, in an action of nullity, that the judgment against her was obtained by fraud because she was prevented from asserting this defense- at the trial by the ill practice or mistake of her attorney. In discussing the action of nullity, the Court remarked:
‘•‘A definitive judgment may be annulled under Code of Practice, Art. 607 in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; and relief will be afforded against judgments irrespective of any issue of intention or neglect when the circumstances on which they were rendered show deprivation of legal rights and where the enforcement of a judgment would be unconscientious and inequitable. City of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542; Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; Succession of Gilmore, 157 La. 130, 102 So. 94; Miller v. Miller, 156 La. 46, 100 So. 45.”
* * * * * *
“Defendant contends, however, that an action of nullity may not be substituted for, or take the place of, an appeal. With this contention, we are in accord, as an action of nullity, as provided by the provisions of the aforesaid article of the Code of Practice, is independent of the remedy by appeal and, while it is not a substitute for an appeal, its purpose is to furnish relief against fraud which operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy. * * * ” (citing cases)
In Walsh v. Walsh, 215 La. 1099, 42 So. 2d 860, 864 (1949), the plaintiff’s petition did not contain sufficient allegations that the judgment against her had been obtained by fraud or ill practice and only alleged, at most, that the judgment was erroneous because of an insufficiency of evidence. The Court stated:
“It is true that our courts have given Article 607 of the Code of Practice a very broad interpretation so as to afford relief ‘when the enforcement of the judgment would be unconscientious and inequitable.’ See Succession of Gilmore, 157 La. 130, 102 So. 94, 95. But this does not mean that the action of nullity performs the office of an appeal or that it can be used to set aside a final judgment where there is no showing of mischief or imposition, merely because the judgment was rendered by default.”
In City of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542 (1898), the City of New Orleans appealed from a judgment dismissing its -suit to annul a judgment against it. On the day fixed for trial of the principal case, counsel for the city sent an affidavit for continuance and did not attend the trial. Counsel for defendant insisted on the trial and filed a reconventional demand. Judgment was rendered in accordance with the reconventional demand. The Supreme Court found the defendant had changed the issue on the day of trial. The Court held plaintiff did not have the notice to which he was entitled and reversed the judgment of the lower court, stating:
“The jurisprudence on this subject is not intended to sanction negligence) or the laches of the litigant or his counsel, or to afford a remedy for that indifference or want of diligence that sacrifices the suitor’s rights. But our courts have not hesitated to afford re *785 lief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable.”
In Bell v. Holdcraft, La.App., 196 So. 379 (2d Cir. 1940), plaintiff had sued defendant on an open account and obtained a default judgment against him. Defendant took a devolutive appeal to this court and filed a motion to remand the case to the trial court for the purpose of permitting the appellant to answer and plead his defense. It appeared that under the circumstances defendant had been prevented from defending the claim against him because of a misunderstanding between him and his counsel. The court granted the motion and remanded the case to the lower court.
In Vinson v. Picolo, La.App., 15 So.2d 778, 781, (Orl.App.1943), Picolo brought an action in nullity to have set aside a judgment rendered against him, alleging it was obtained by fraud. The court found nothing fraudulent in petitioner’s allegations, however, and concluded that they merely presented ordinary issues of fact which petitioner should have contested at the trial. The court thought that the points raised by Picolo as the basis of his attack upon the validity of the judgment might have been successfully pleaded in the original action or may have availed him on appeal, but the action of nullity could not be used as a substitute. Accordingly, the judgment of the lower court dismissing the suit was affirmed.
McCaleb, J., in a discussion of Article 607 of the Code of Practice in a concurring opinion, remarked: “Fraud, as used therein, means, to my mind, fraud in procurement; the practice by one of the litigants of an artifice or some sort of deception upon the other.” Justice McCaleb thought that no such fraud could have been perpetrated here because Picolo was well aware of the charges made by Vinson and should have presented his defense at the trial.
In Dixson v. Carter, La.App., 138 So.2d 227 (4th Cir. 1962), defendant brought an action to annul a judgment against him in a suit arising from an automobile collision, alleging he had secured a release from all liability from plaintiff, and that plaintiff, by obtaining a default judgment against defendant without informing the court of this release committed a fraud. The lower court' annulled the judgment and plaintiff appealed. The court found the allegations of defendant’s petition were not sufficient to allege fraud and that defendant’s objections to plaintiff’s demands should have been pleaded as defense at the trial. Accordingly, the judgment of the lower court annulling the judgment against defendant was reversed.
In Nessans v. Colomes, 130 La. 375, 57 So. 1010 (1912), plaintiff sued to set aside a transfer of real estate made by her mother to defendant as having been made without consideration and induced by fraud. At the trial a document was produced which, if genuine, was fatal to plaintiff’s case, and defendant testified that plaintiff’s signature upon it was genuine. Plaintiff was not present at the trial and her husband and the counsel, not suspecting that plaintiff’s signature was forged, abandoned the case without trial. Judgment was rendered for defendant. Plaintiff later alleged her signature was forged and applied for a new trial, which was denied by the lower court. The Supreme Court set aside this judgment and remanded the case for trial, stating:
“ ‘When the record of a -suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed here, the court will, in its discretion, in the interest of justice, remand the *786 case.’ Muller v. Hoth, 105 La. 246, 29 South. 709.” (citing' cases)
LSA-R.S. 7:23 provides:
“Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can' be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.”
Defendant contends that in order for a party to attack, in an action of nullity, a judgment rendered against him, he must have been prevented from asserting at the trial the defense relied upon by some intentional fraud or ill practice on the part of the party in whose favor the judgment was rendered. This argument is clearly without merit.
LSA-C.C.P. Article 2004 provides:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
Comment (c) to this article provides :
“The qualification of Art. 607, Code, of Practice of 1870, to the effect that the fraud must be on the part of the party in whose favor the judgment is rendered, was omitted and Clark v. Delta Tank Mfg. Co., 28 So.2d 62 (La. App.1946), in which it was held that a judgment could not be annulled for false testimony unless the petition alleged that the testimony was procured by the defendant or the lattér had knowledge thereof and participated in the fraud, is thus overruled.”
With the exception expressed in this comment, it does not appear that the meaning of LSA-C.C.P. Article 2004 differs in any significant way from its source provisions, Articles 607 and 613 of the Code of Practice of 1870.
Defendant has cited no cases where a party, in seeking to annul a judgment rendered against him, presented a petition containing sufficient allegations of fraud and was not allowed to prove his allegations at a trial.
We think the enforcement of the judgment against plaintiff, without allowing him an opportunity to prove the judgment was obtained by fraud or ill practice, would be unconscientious and inequitable.
Accordingly, the judgment of the City Court of the City of West Monroe will be reversed, the exception of no cause of action is overruled, and the case will be remanded to the lower court for further proceedings consistent with this opinion.
HARDY, J., dissents, giving written reasons.