HARDY, Judge
(dissenting).
Plaintiff’s petition in the instant case does not allege any irregularity with respect to the proceedings which led to the rendition of a default judgment against him on November 15, 1961, but attempts to excuse his failure to present his asserted defense of forgery on the ground that he made no examination of the note and act of chattel mortgage, upon which the suit and the default judgment were based, until four months after the rendition of judgment.
It is apparent from the allegations of plaintiff’s petition that (1) he permitted judgment against him to be rendered by default; (2) that he was notified that execution on said judgment would be issued,; (3) that he took no action in the matter until after issuance of garnishment against his salary. ■ Under these circumstances, it *787 seems clear to me that plaintiff’s unfortunate dilemma is due entirely and exclusively to his own carelessness, inaction and negligence. The grounds upon which, in this separate and independent action, he now seeks the nullity of a judgment regularly rendered could and should have been asserted in that action, or even by a devolutive appeal after the judgment became executory seeking a remand of the case in order to permit the assertion of the defense of forgery.
In my opinion, the liberalization of procedure by our jurisprudence under Articles 607 and 613 of the Code of Practice of 1870, and now under the clear meaning of Article 2004 of the LSA-Code of Civil Procedure, were not intended for the relief of parties who have themselves been responsible for an asserted miscarriage of justice.
The majority opinion contains this enunciation :
“Defendant has cited no cases where a party, in seeking to annul a judgment rendered against him, presented a petition containing such allegations of fraud and was not allowed to prove his allegations at a trial.” (Emphasis supplied)
Plaintiff had his opportunity to prove his allegations of fraud on trial of the original suit.
My appreciation of the authorities cited in the majority opinion, particularly Vinson v. Picolo, La.App., 15 So.2d 778, and Dixson v. Carter, La.App., 138 So.2d 227, justifies my conclusion that this case does not present that nature of unconscionable and inequitable effects which would entitle plaintiff to the relief sought. I regard as especially appropriate the quotation in the majority opinion from the concurring opinion of Mr. Justice McCaleb in the Vinson-Picolo case.
I respectfully dissent.
Rehearing denied; HARDY, J., dissenting-